# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **GRAND ISLE SHIPYARDS, INC.** | ) | **CIVIL ACTION NO.  15-152** |
| | ) | |
| **VERSUS** | ) | **SECTION: "G" – DIVISION 5** |
| | ) | |
| **BLACK ELK OFFSHORE** | ) | **DISTRICT JUDGE:** |
| **OPERATIONS, L.L.C., ET AL** | ) | **NANNETTE JOLIVETTE BROWN** |
| | ) | |
| | ) | **MAGISTRATE JUDGE:** |
| | ) | **MICHAEL B. NORTH** |

## PLAINTIFF'S ANSWER AND AFFIRMATIVE DEFENSES
## TO DEFENDANT'S COUNTERCLAIM

NOW INTO COURT, through undersigned counsel, comes Grand Isle Shipyard, Inc. ("GIS"), Plaintiff in the above-captioned proceeding, who files the following Answer and Affirmative Defenses in response to the Counterclaim filed by Defendant, Black Elk Energy Offshore Operations, LLC ("BEEOO").  GIS categorically denies all of the allegations in Defendant's Counterclaim, except those hereinafter admitted, and further avers as follows:

## AFFIRMATIVE DEFENSES

In specific defense of the allegations set forth in the Counterclaim, GIS specifically asserts the following affirmative defenses:

## FIRST AFFIRMATIVE DEFENSE

Defendant's counterclaim fails to state a claim against GIS upon which relief can be granted, in whole or in part.

## SECOND AFFIRMATIVE DEFENSE

Defendant's counterclaim fails to state a claim against GIS upon which an award of compensatory damages can be granted.

## THIRD AFFIRMATIVE DEFENSE

Defendant's counterclaim is barred, in whole or in part, by prescription, the applicable statute of limitations, or other applicable law.

## FOURTH AFFIRMATIVE DEFENSE

GIS affirmatively pleads that Defendant's counterclaim is barred, in whole or in part, under the doctrines of unclean hands, equitable estoppel, and estoppel.

## FIFTH AFFIRMATIVE DEFENSE

Defendant's counterclaims are barred or otherwise limited to the extent that it has failed to mitigate, minimize, or avoid the damages and losses alleged.

## SIXTH AFFIRMATIVE DEFENSE

GIS affirmatively denies that Defendant sustained any damages as a result of any fault or wrongdoing on the part of GIS.

## SEVENTH AFFIRMATIVE DEFENSE

Defendant's alleged damages (which are expressly denied) were caused or contributed to in whole or in part, by Defendant's (or other third parties') own conduct, misconduct, negligence, omissions, actions, and/or reckless disregard of applicable policies and procedures.

PD.16795816.1

## EIGHTH AFFIRMATIVE DEFENSE

GIS affirmatively avers its good faith with respect to all aspects of the allegations set forth in its Complaint as a full and complete bar to maintenance of the counterclaim asserted by Defendant.

## NINTH AFFIRMATIVE DEFENSE

Defendant's counterclaims are barred, in whole or in part, to the extent that any or all of Defendant's causes of action are precluded or limited by the contractual agreements.

## TENTH AFFIRMATIVE DEFENSE

Defendant's counterclaims are barred, in whole or in part, by the doctrine of *laches*, waiver, justification, ratification, confirmation, novation, compromise, receipt and release, *res judicata*, accord and satisfaction, recoupment, set-off, and/or equitable estoppel.

## ELEVENTH AFFIRMATIVE DEFENSE

Defendant's counterclaims are barred, in whole or in part, because Defendant breached contractual agreements with GIS.

## TWELFTH AFFIRMATIVE DEFENSE

Defendant's counterclaims are barred, in whole or in part, because Defendant may not be unjustly enriched at GIS's expense.

## THIRTEENTH AFFIRMATIVE DEFENSE

Defendant's counterclaims are barred because it did not incur any damages as a result of the acts or omissions attributable to GIS.

PD.16795816.1

### FOURTEENTH AFFIRMATIVE DEFENSE

GIS has not engaged in any conduct or committed any act or omission that could have been the cause-in-fact, legal, or proximate cause of any loss, damage, or injury to Defendant.

### FIFTEENTH AFFIRMATIVE DEFENSE

Defendant failed to mitigate, minimize, avoid, or abate its damages, if any.

### SIXTEENTH AFFIRMATIVE DEFENSE

Defendant is not entitled to recover its alleged damages, if any, because such damages are uncertain, contingent, and/or speculative.

### SEVENTEENTH AFFIRMATIVE DEFENSE

The damages alleged by Defendant, if any, were proximately caused by other intervening, superseding, or independent causes.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Upon information and belief, and to the extent that GIS may have had any obligations, quasi obligations, or duties, GIS fully satisfied and honored those obligations.

### NINETEENTH AFFIRMATIVE DEFENSE

Assuming Defendant is able to prove its counterclaims (which GIS denies), GIS acted in good faith and with legal cause.

### TWENTIETH AFFIRMATIVE DEFENSE

In the event that this Honorable Court determines that Defendant is entitled to recover any damages against GIS (which GIS denies), GIS is entitled to a credit or offset by any amounts owed or awarded to GIS as a result of all damages Defendant caused GIS to sustain.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

In the event that this Honorable Court determines that Defendant is entitled to recover any damages against GIS (which GIS denies), GIS pleads the contributory and/or comparative negligence or fault of Defendant or others for whom GIS is not responsible as a total or partial bar to recovery.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

GIS expressly reserves the right to file and assert any other defense or assert further affirmative defenses that are or may become available or appear during subsequent proceedings in this action, or as may be established during discovery and/or by the evidence in this case.  GIS further reserves its right to amend this answer to assert such defenses upon discovery of further information regarding Defendant's purported counterclaims.

## ANSWER

AND NOW, responding to the specific allegations and averments set forth in Defendant's Counterclaim, GIS further avers as follows:

1.

GIS admits only that Defendant, BEEOO, is a Texas limited liability company authorized to do and doing business in the state of Louisiana.

2.

GIS admits only that GIS is a corporation authorized to do and doing business in Louisiana.

PD.16795816.1

3.

The allegations contained in Paragraph 3 of Defendant's counterclaim are denied for lack of sufficient information to justify a belief therein.

4.

The allegations contained in Paragraph 4 of Defendant's counterclaim are denied for lack of sufficient information to justify a belief therein.

5.

Defendant admits only that it was engaged to perform work for Black Elk.   The remaining allegations contained in Paragraph 5 of Defendant's counterclaim are denied for lack of sufficient information to justify a belief therein.

6.

GIS admits that it provided qualified and skilled laborers.  The remaining allegations of Paragraph 6 of Defendant's counterclaim are denied as stated.

7.

GIS asserts that any written agreements between GIS and Defendant are the best evidence of any agreements regarding the work to be done.

8.

GIS asserts that any written agreements between GIS and Defendant are the best evidence of any agreements regarding the work to be done.

9.

The allegation contained in Paragraph 9 of Defendant's counterclaim is admitted.

10.

GIS admits only that safety procedures existed.  The applicable safety procedure policies are the best evidence of what is contained therein.

11.

The allegation contained in Paragraph 11 of Defendant's counterclaim is denied as stated.

12.

The allegations contained in Paragraph 12 of Defendant's counterclaim are denied as stated.

13.

The allegations contained in Paragraph 13 of Defendant's counterclaim are denied for lack of sufficient information to justify a belief therein.

14.

The allegations contained in Paragraph 14 of Defendant's counterclaim are denied for lack of sufficient information to justify a belief therein.

15.

The allegations contained in Paragraph 15 of Defendant's counterclaim are denied as stated.

16.

The allegations contained in Paragraph 16 of Defendant's counterclaim are denied as stated.

17.

To the extent that Defendant contends that any of the alleged damages are attributable to GIS, the allegations contained in Paragraph 17 of Defendant's counterclaim are denied as stated.

18.

The allegations contained in Paragraph 18 of Defendant's counterclaim are denied as stated.

19.

Paragraph 19 of Defendant's counterclaim incorporates prior numbered paragraphs of the counterclaim and requires no response on the part of GIS.  To the extent that a response is required, GIS denies all allegations unless expressly admitted to herein.

20.

The allegation contained in Paragraph 20 of Defendant's counterclaim is denied to the extent that Defendant contends that the workers provided by GIS lacked the necessary training, experience, or skills.

21.

The allegations contained in Paragraph 21 of Defendant's counterclaim are denied as stated.

22.

The allegations contained in Paragraph 22 of Defendant's counterclaim are denied as stated.

PD.16795816.1

23.

The allegations contained in Paragraph 23 of Defendant's counterclaim are denied as stated.

24.

The allegations contained in Paragraph 24 of Defendant's counterclaim are denied as stated.

25.

The allegations contained in Paragraph 25 of Defendant's counterclaim are denied as stated.

26.

The allegations contained in Paragraph 26 of Defendant's counterclaim assert Defendant's request for recovery for damages and requires no response on the part of GIS.  To the extent that a response is required, GIS asserts that Defendant is not entitled to any relief or damages whatsoever.

27.

Paragraph 27 of Defendant's counterclaim incorporate prior numbered paragraphs of the counterclaim and requires no response on the part of GIS.  To the extent that a response is required, GIS denies all allegations unless expressly admitted to herein.

28.

The allegations contained in Paragraph 28 of Defendant's counterclaim are denied as stated.  GIS expressly denies that it breached its obligations or acted negligently.

29.

The allegations contained in Paragraph 29 of Defendant's counterclaim are denied.

30.

The allegations contained in Paragraph 30 of Defendant's counterclaim are denied.

31.

Paragraph 31 of Defendant's counterclaim incorporate prior numbered paragraphs of the counterclaim and requires no response on the part of GIS.  To the extent that a response is required, GIS denies all allegations unless expressly admitted to herein.

32.

The allegations contained in Paragraph 32 of Defendant's counterclaim are denied to the extent that Defendant contends that GIS failed to adequately train, supervise, or direct its crew.

33.

The allegations contained in Paragraph 33 of Defendant's counterclaim are denied.

34.

The allegations contained in Paragraph 34 of Defendant's counterclaim are denied.

35.

The allegation contained in Paragraph 35 of Defendant's counterclaim is denied.

36.

The allegations contained in Paragraph 36 of Defendant's counterclaim are denied to the extent that Defendant asserts that GIS was not qualified, certified, and authorized to perform work.

37.

The allegations contained in Paragraph 37 of Defendant's counterclaim are denied as stated.  The agreements between GIS and Defendant are the best evidence of what is contained therein.

38.

The allegations contained in Paragraph 38 of Defendant's counterclaim are denied as stated.  The agreements between GIS and Defendant are the best evidence of what is contained therein.

39.

The allegations contained in Paragraph 39 of Defendant's counterclaim are denied as stated.  The agreements between GIS and Defendant are the best evidence of what is contained therein.

40.

The allegations contained in Paragraph 40 of Defendant's counterclaim are denied.

41.

The allegation contained in Paragraph 41 of Defendant's counterclaim is denied.

42.

The allegations contained in Paragraph 42 of Defendant's counterclaim are denied.

43.

The allegations contained in Paragraph 43 of Defendant's counterclaim are denied.

PD.16795816.1

44.

The allegations contained in Paragraph 44 of Defendant's counterclaim are denied as stated.

45.

The allegations contained in Paragraph 45 of Defendant's counterclaim are denied.

46.

Paragraph 46 of Defendant's counterclaim incorporate prior numbered paragraphs of the counterclaim and requires no response on the part of GIS.  To the extent that a response is required, GIS denies all allegations unless expressly admitted to herein.

47.

The allegations contained in Paragraph 47 of Defendant's counterclaim are denied to the extent that Defendant alleges that GIS was not qualified, certified, and authorized to perform work.

48.

The allegations contained in Paragraph 48 of Defendant's counterclaim are denied to the extent that Defendant alleges that GIS did not work with diligence, in a good and workmanlike manner, and in accordance with applicable laws and regulations.

49.

The allegations contained in Paragraph 49 of Defendant's counterclaim are denied.

PD.16795816.1

50.

The allegations contained in Paragraph 50 of Defendant's counterclaim are denied as stated.

51.

The allegations contained in Paragraph 51 of Defendant's counterclaim are denied.

52.

The allegations contained in Paragraph 52 of Defendant's counterclaim are denied.

53.

The allegations contained in Paragraph 53 of Defendant's counterclaim are denied.

54.

The allegations contained in Paragraph 54 of Defendant's counterclaim are denied.

GIS denies the prayer for relief contained in Defendant's Counterclaim.  GIS denies that Defendant is entitled to any judgment or relief in connection with the Counterclaim it purports to assert in this action.

**WHEREFORE**, Plaintiff, Grand Isle Shipyard, Inc., prays that its Answer and Affirmative Defenses to Defendant's Counterclaim be deemed good and sufficient, that its defenses be maintained, and that judgment be rendered in GIS's favor as requested in its Complaint.  GIS further requests that it be awarded court costs, attorneys' fees, and any other legal, equitable, or declaratory relief that this Court may deem just and appropriate.

Respectfully submitted,

**PHELPS DUNBAR LLP**

BY:    */s/ David M. Korn*
          ALLEN C. MILLER (Bar #26423)
          DAVID M. KORN (Bar #21676)
          MARYJO L. ROBERTS (Bar #30692)
          TESSA P. VORHABEN (Bar #31293)
          Canal Place, 365 Canal Street, Suite 2000
          New Orleans, Louisiana 70130-6534
          Telephone: 504-566-1311
          Telecopier: 504-568-9130
          Email: millera@phelps.com
                 kornd@phelps.com
                 robertsm@phelps.com
                 vorhabet@phelps.com
**ATTORNEYS FOR PLAINTIFF,**
**GRAND ISLE SHIPYARD, INC.**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have on this 17th day of March, 2015, electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send notice of electronic filing to all counsel of record who have consented to electronic notification.

*/s/ David M. Korn*

PD.16795816.1